UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONDOS KULLAB,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>            Defendants. | Case No. 24-cv-04179-JD<br><br>**ORDER RE SUMMARY JUDGMENT** |

      Plaintiff Sondos Kullab alleges that she filed an application for asylum with defendant United States Citizenship and Immigration Services (USCIS) in November 2020. Dkt. No. 1 ¶ 12. She says defendants, namely USCIS, the Department of Homeland Security, their lead executive officers, and the director of the San Francisco Asylum Office, have done nothing to process the application since then, and that she was advised in May 2024 that the application was still "under review." *Id*. ¶¶ 13-16. Kullab attributes the delay to defendants' policy of processing asylum applications on a "last in first out" basis, which she believes will effectively foreclose any realistic possibility that her application will ever be "fully adjudicated." *Id*. ¶ 17. Kullab alleges a violation of the Administrative Procedure Act (APA), 5. U.S.C. § 500 *et seq*., and a claim for an order compelling defendants to process her application under the Mandamus Act, 28 U.S.C. § 1361. Dkt. No. 1 ¶¶ 19-29.

      Defendants ask for summary judgment in their favor on all counts. Dkt. No. 20. Defendants also contend, in a very cursory argument, that the Court lacks statutory jurisdiction to hear the APA claim. *Id*. at 13-14. Defendants do not dispute that Kullab applied for asylum on

the date she alleges and that her application has not been processed.  Overall, there are no material facts in question or doubt.

Defendants represent, without challenge, that more than 6,800 similar lawsuits to compel the processing of asylum applications have been filed against them since January 2023.  Dkt. No. 20-1 at ¶ 58 (Decl. of J. Lafferty, Chief of the Asylum Division within USCIS).  One of these cases bears particular mention here.  While defendants' summary judgment motion was pending, another judge in this district granted summary judgment in favor of the government in *Kullab v. United States Dept. of Homeland Security*, Case No. 24-cv-04140, 2025 WL 901943 (N.D. Cal. March 25, 2025).  The plaintiff there was Yasmin Kullab, her case was filed within two days of this one, and the lawyer representing the plaintiffs in both cases is the same.  These circumstances indicate the likelihood of a family relationship between plaintiffs, although the parties did not spell that out.  Other than the names of the plaintiffs, the two cases are identical.  The complaints are word-for-word the same, including the dates when the applications were filed.  *See* Dkt. No.1; Dkt. No. 1 in Case No. 24-cv-04140.  Defendants' briefs and arguments in support of summary judgment are the same, as are the supporting declarations of Lafferty and others.  *See* Dkt. No. 20; Dkt. No. 13 in Case No. 24-cv-04140.  Plaintiff's opposition briefs and arguments are the same. *See* Dkt. No. 23; Dkt. No. 16 in Case No. 24-cv-04140.  To be clear, "the same" means carbon copies of each other with only the first name of the plaintiffs changed.

A good argument can be made that both cases should have been related before a single judge under Civil Local Rule 3-12.  The parties should have at least raised the issue in the lowest-numbered case as Rule 3-12 requires.  In any event, summary judgment was granted in Case No. 24-cv-04140 in favor of defendants in a reasoned decision.

The Court has independently reviewed the arguments and record in this case, and the summary judgment order in Case No. 24-cv-04140.  *See* 2025 WL 901943.  The Court adopts the order in full, and grants summary judgment in favor of defendants for the same reasons stated in Case No. 24-cv-04140.  This includes the determination that jurisdiction exists over the APA claim in the present circumstances.  *See* 2025 WL 901943, at *4-5.

Consequently, the Court concludes that the delay in deciding Kullab's asylum application has not been unreasonable as of yet, and so defendants are entitled to summary judgment. This is not to say that Kullab has no judicial recourse forevermore. A consensus is emerging in the district courts that delays longer than the one Kullab has experienced may be inherently unreasonable. *See id.* at \*6. Judgment will be entered in favor the defendants without prejudice to renewed claims by Kullab as future circumstances warrant.

**IT IS SO ORDERED.**

Dated: June 16, 2025

JAMES DONATO
United States District Judge